

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| TANGIE GRIFFIN, § § Plaintiff, § § vs. § § NANCY A. BERRYHILL, § Acting Commissioner of Social Security § Administration, § § Defendant. § § | Civil Action No. 0:14-4149-MGL-PJG |

ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND AFFIRMING DEFENDANT'S DENIAL OF PLAINTIFF'S CLAIM FOR BENEFITS

This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying her claim for Disability Insurance Benefits (DIB). The parties are represented by excellent counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court Defendant's decision denying Plaintiff's claim for DIB be affirmed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the

Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 16, 2017. ECF No. 27. Plaintiff filed objections on October 31, 2017, ECF No. 28, and Defendant replied on November 9, 2017, ECF No. 29. The Court has carefully reviewed Plaintiff's objections but holds them to be meritless. Therefore, it will enter judgment accordingly.

Plaintiff filed her application for DIB in April 2011, asserting her disability commenced on March 24, 2011. Plaintiff's application was denied initially and upon reconsideration. The administrative law judge (ALJ) conducted a hearing on Plaintiff's application on January 31, 2013. On June 13, 2013, the ALJ issued a decision holding Plaintiff was not disabled under the Social Security Act (the Act). The Appeals Council subsequently denied Plaintiff's request for review of the ALJ's decision, and Plaintiff appealed to this Court.

Upon Defendant's motion and without objection from Plaintiff, this Court remanded the case to Defendant under sentence six of 42 U.S.C. § 405(g) on March 2, 2015. The Appeals Council vacated the ALJ's 2013 decision, and the ALJ held a second hearing to review Plaintiff's application on February 5, 2016. The ALJ issued a decision on July 26, 2016, holding once again Plaintiff was not disabled. Upon Defendant's motion and with Plaintiff's consent, this Court reopened the case on December 12, 2016.

The Social Security Administration has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the

impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). Thus, the Court will address each specific objection to the Report in turn. As provided above, however, the Court need not—and will not—address any of Plaintiff's arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the Report.

It is Plaintiff's duty both to produce evidence and to prove she is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). And, it is the duty of the ALJ, not this Court, to make findings of fact and to resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Under the substantial evidence standard, however, the Court must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d, 1249, 1250 (8th Cir. 1987).

"Additionally, the substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted). Likewise, when

considering a Social Security disability claim, it is not the province of this Court to "reweigh conflicting evidence . . . or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted) (alteration omitted). The Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

Plaintiff's objections primarily constitute a rehashing of the arguments she presented in her brief. Plaintiff phrases her objection to the Report as follows:

> **Objection 1** Residual Functional Capacity. The RFC assessment must be a reasoned assessment of all of the relevant evidence. In this case the ALJ's RFC discussion precludes vocationally relevant limitations. Where the ALJ fails to reconcile all of the evidence, is it proper for the Magistrate Judge to allow the decision to stand?

ECF No. 28 at 1. The issue Plaintiff framed and addressed in her brief in support of her appeal was:

> **Issue 1** Residual Functional Capacity. The RFC assessment must be a reasoned assessment of all of the relevant evidence. In this case the ALJ's RFC discussion precludes vocationally relevant limitations. Can an ALJ's RFC that fails to reconcile all relevant evidence be allowed to stand?

ECF No. 19 at 19. Thus, Plaintiff's main objection to the Report is substantively identical to the question discussed in Plaintiff's brief, which the Magistrate Judge thoroughly analyzed and rejected in the Report. The Court agrees with the well-reasoned conclusions of the Magistrate Judge for the reasons set forth in the Report, and, as stated above, the Court will refrain from further discussing Plaintiff's arguments in support of her objections that fail to constitute a specific objection to the Report and were already rejected by the Magistrate Judge.

In addition to revisiting the arguments raised in her brief, Plaintiff alleges the Magistrate Judge failed to address her challenge to the ALJ's finding regarding the Global Assessment of Functioning (GAF) score Dr. Susan Calhoun (Dr. Calhoun) assigned Plaintiff and Plaintiff's

contention the ALJ "cherry-picked" evidence to support his opinion. Plaintiff also argues the Magistrate Judge erred in suggesting the ALJ's statement he was giving Dr. Calhoun's GAF score for Plaintiff probative weight was a typographical error rather than an inconsistent finding.

Contrary to Plaintiff's claims, the Magistrate Judge fully analyzed Plaintiff's challenges regarding the ALJ's treatment of Dr. Calhoun's GAF score as well as Plaintiff's allegation the ALJ cherry-picked evidence. *See* ECF No. 27 at 7-11. The Magistrate Judge explained the ALJ applied the correct factors in his analysis and considered all the evidence. *See id.* at 10. The Magistrate Judge concluded that, although Plaintiff might be able to point to evidence to support her purported limitations, such evidence fails to render the ALJ's evaluation unsupported by substantial evidence. *See id.* at 10-11. Accordingly, the Court will overrule Plaintiff's objections regarding the Magistrate Judge's alleged failure to address certain arguments of hers.

The Court likewise rejects Plaintiff's contention the Magistrate Judge erred in suggesting the ALJ's statement he was giving Dr. Calhoun's GAF score for Plaintiff probative weight was a typographical error. Plaintiff appears to maintain the ALJ's opinion contains an irreconcilable contradiction because it states in one place he gives the GAF score probative weight and states in another he gives the GAF score little weight. The Magistrate Judge determined the ALJ's comment he was giving Dr. Calhoun's GAF score probative weight was a typographical error, rather than an inconsistent finding, because "[i]t is clear from the ALJ's decision that he found the GAF score was one among several reasons that Dr. Calhoun's opinion should be discounted." *See id.* at 8 n.5. The Court agrees with the Magistrate Judge that the ALJ's statement he was giving the GAF score probative weight is merely a typographical error as opposed to an inconsistent finding. It is evident from the context of the ALJ's analysis of Dr. Calhoun's opinion as a whole the ALJ meant to discount all of Dr. Calhoun's findings. *See* ECF No. 17-2

5

at 39. Therefore, the Court will overrule Plaintiff's objection concerning the ALJ's statement he was giving Dr. Calhoun's GAF score probative weight.

Plaintiff further avers the Magistrate Judge erred in declining to reach her arguments concerning the ALJ's assertion that acceptance of Dr. Calhoun's opinion would not have changed the outcome of his decision. The Magistrate Judge determined it was unnecessary to reach this issue because Plaintiff failed to demonstrate the ALJ erred in discounting Dr. Calhoun's opinion. *See* ECF No. 27 at 11 n.6. Because the Court agrees with the Magistrate Judge's recommendations regarding the ALJ's evaluation of Dr. Calhoun's opinions, the Court holds it was appropriate for the Magistrate Judge to decline addressing this issue.

Lastly, Plaintiff insists the Magistrate Judge was mistaken in suggesting Plaintiff failed to demonstrate any reversible error in the ALJ's evaluation of Dr. Leslie Burke's (Dr. Burke) opinions. The Magistrate Judge explained that Plaintiff's arguments relating to Dr. Burke were the same as those pertaining to Dr. Calhoun, and the Magistrate Judge consequently rejected them for the reasons previously explained in conjunction with Dr. Calhoun. *See id.* at 11-12. Plaintiff neglects to provide any additional arguments in support of this portion of her objection. Thus, Plaintiff once again relies upon her contentions relating to the treatment of Dr. Calhoun's opinion in support of the alleged error regarding the evaluation of Dr. Burke's opinion. Because the Court agrees with the Magistrate Judge's determinations regarding Dr. Calhoun's opinion, the Court will overrule Plaintiff's conclusory objection relating to the evaluation of Dr. Burke's opinion.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein.  Therefore, it is the judgment of the Court Defendant's decision denying Plaintiff's claim for DIB benefits is **AFFIRMED**.

**IT IS SO ORDERED.**

Signed this 16th day of November 2017 in Columbia, South Carolina.

                                           s/Mary Geiger Lewis
                                           MARY GEIGER LEWIS
                                           UNITED STATES DISTRICT JUDGE